United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40944
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

NOE PAREDES-JIMENEZ

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-519-1
---------------------

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

Noe Paredes-Jimenez was convicted by a jury of two counts of

transporting undocumented aliens within the United States. The

district court sentenced him to concurrent terms of twenty-seven

months of imprisonment and three years of supervised release.

Paredes-Jimenez contends that the Government did not present

evidence sufficient to prove that he knew the undocumented aliens

were inside his trailer. In our evaluation of the sufficiency of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the evidence, we ask whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. United States v. Williams, 132 F.3d 1055, 1058-59 (5th Cir. 1998). We view the evidence and all inferences reasonably drawn from the evidence in a light most favorable to the verdict. Id. at 1059. A violation of 8 U.S.C. § 1324 requires proof that the defendant acted wilfully. Williams, 132 F.3d at 1059.

The evidence established that Paredes-Jimenez left the trailer locked overnight and took the keys with him. The padlock had to be removed for the trailer doors to be opened. Thus, the evidence, viewed in the light most favorable to the verdict, was sufficient to establish that Paredes-Jimenez knew aliens were in the trailer. See id.

Paredes-Jimenez contends that the Government improperly shifted the burden of proof when the Assistant U.S. Attorney ("AUSA") asked a border patrol agent whether Paredes-Jimenez had explained how the aliens could have gotten inside the locked trailer. Paredes-Jimenez contends that the district court's statements that the exact date of the offense was not an issue invaded the province of the jury and constituted a comment on the evidence that suggested the evidence was sufficient.

Paredes-Jimenez did not object to the AUSA's question and the district court's statements. Therefore, our review is for plain error only. See United States v. Sanchez, 325 F.3d 600, 603 (5th Cir. 2003); United States v. White, 972 F.2d 590, 597

(5th Cir. 1992). "Plain error is error which, when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings." White, 972 F.2d at 598 (internal quotations and citation omitted).

Paredes-Jimenez has not shown that the AUSA's question and the district court's statement were error, much less plain error. See id. He has not demonstrated that the alleged errors affected the fairness of the proceedings. See id. Accordingly, the judgment of the district court is AFFIRMED.